**UNITED STATES of America,**
**Plaintiff,**

v.

**Jose Alonzo JURADO–VALLEJO,**
**Defendant.**

**No. 02–40115–01–JAR.**

United States District Court,
D. Kansas.

Jan. 7, 2003.

Ronald E. Wurtz, Melody J. Evans, Office of Federal Public, Topeka, KS, for Defendant.

Thomas G. Luedke, Office of United States Attorney, Topeka, KS, for U.S.

### ORDER GRANTING MOTION TO SUPPRESS

ROBINSON, District Judge.

This matter is before the Court on defendant's Motion to Suppress (Doc. 28). The government filed a response (Doc. 29). An evidentiary hearing was held before this Court on January 6, 2003. After hearing testimony and viewing evidence, the Court is prepared to rule. Defendant's motion is granted.

Defendant was driving a 2002 Ford Expedition on Interstate 70, when Kansas Highway Patrol Trooper Jirak effected a traffic stop. Trooper Jirak testified that he stopped the vehicle because a "beauty ring" license plate bracket was obscuring the expiration date of the license tag. Trooper Jirak could tell that the license tag had been issued in Chihuahua, Mexico. Prior to stopping the vehicle, Trooper Jirak followed and pulled aside the vehicle, and observed what he believed to be a modification to the vehicle, a compartment extending about 3 inches lower than the truck bed of the vehicle. During his years of patrol and supervising other patrolmen, Trooper Jirak had observed twelve to fifteen such modifications to trucks and SUVs. Trooper Jirak testified that he believed this vehicle had such a compartment, based on seeing a seam in the wheel well that appeared to be lower than the normal elevation of the truck bed; and because the elevation of the floor bed appeared to be lower than the bottom of the hatchback door of the SUV, which normally matches the elevation of the truck bed. Trooper Jirak also noticed that the bottom of the truck bed was squared off, unlike the rounded off tapering of unmodified Ford Expeditions.

Trooper Jirak stopped the vehicle. Defendant, the driver and sole occupant of the vehicle, spoke virtually no English. Trooper Jirak testified that he spoke enough Spanish to get through a traffic stop, based on a two day course he took for law enforcement officers. Trooper Jirak uttered the Spanish word for "plate" to Defendant, then made a gesture with his hand signifying covered. Defendant responded with a gesture that seemed to

signify using a screwdriver, presumably meaning he would remove the license plate bracket. Trooper Jirak asked Defendant, in Spanish, for his driver's license and insurance papers, both of which Defendant produced. Trooper Jirak testified that he did not ask Defendant for the vehicle registration. Trooper Jirak did not explain why he did not ask Defendant for the vehicle registration.

After checking the documents and writing a warning citation, Trooper Jirak walked back to Defendant's vehicle, again observing what he believed was a modified lowering of the truck floor bed. Trooper Jirak handed the driver's license and insurance papers back to Defendant. He told Defendant "adios" and stepped back from the vehicle. Defendant responded by saying "adios," and putting his hand on the gear shift and his foot on the brake, as if preparing to drive away. Trooper Jirak then said "Puedo Registro?" and gestured for Defendant to get out of the vehicle. Trooper Jirak testified that he believed that he was asking whether he could search the vehicle. Defendant responded by putting his hand on the door handle, and with hand gestures that Trooper Jirak interpreted as inviting him to search.

But, "Puedo Registro?" does not mean can I search the vehicle. The Court heard testimony from both the defendant's father, a native of Mexico, as well as from Ralph Gomez, a certified expert and interpreter of the Spanish language in the federal courts. Both testified that the word registro means registration or to register. "Puedo registro" is an ungrammatical way of asking someone to register something or asking them for registration. Mr. Gomez, who is a certified interpreter and who has interpreted Spanish as well as taught Spanish speaking immigrants for over 28 years, testified that he has never heard anyone use the verb "registrar" or its conjugations for search. Rather, "buscar" or "esculcar" are the only words in the Spanish language that mean to search.

Thus, Trooper Jirak asked Defendant if he had or could see vehicle registration; Defendant's conduct indicated consent; and Defendant followed the Trooper's hand signals to exit his vehicle. Defendant never gave consent to search his vehicle and was in fact, never asked for consent. Although the government presented evidence concerning the validity of the vehicle stop, and evidence concerning Trooper Jirak's developing reasonable suspicion that there was a hidden compartment in the vehicle, there is no evidence that there was probable cause to search the vehicle. Because there was no probable cause to search the vehicle, and no valid consent to search, the evidence seized in the search should be suppressed.

**IT IS THEREFORE ORDERED** that defendant's motion to suppress is GRANTED.

IT IS SO ORDERED.